EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Junta de Planificación<br><br>Recurrida<br><br>v.<br><br>Asociación de Residentes de Altamira, Inc.<br><br>Peticionario | Certiorari<br><br>2017 TSPR 138<br><br>198 DPR ____ |

Número del Caso: CC-2014-237

Fecha: 25 de julio de 2017

Tribunal de Apelaciones: Región judicial de San Juan

Abogados de la parte peticionaria:

> Lcdo. Celio Cruz Caraballo
> Lcda. Patricia Muñoz Bibiloni
> Lcda. Melissa E. Ruiz González

Abogados de la parte recurrida:

> Lcdo. Benjamín Soto Maldonado
> Lcda. Vionette Benítez Quiñones
> Lcdo. Kenneth La Quay Rebollo
> Lcda. Ana Cajigas Morales
> Lcda. Milagros Rijos Ramos
> Lcda. Tessie Leal Garabis
> Lcdo. Carlos I. Nieves Ortega
> Lcdo. Alejandro Figueroa Ramirez

Materia: Derecho administrativo: Deber de la Junta de Planificación de Puerto Rico de identificar, en el texto de una Resolución, los nombres y direcciones postales de los dueños y dueñas de las propiedades objeto del proceso administrativo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Junta de Planificación

     Recurrida

        v.

Asociación de Residentes de
Altamira, Inc.

     Peticionario

CC-2014-0237

Opinión del Tribunal emitida por el Juez Asociado señor Colón Pérez.

En San Juan, Puerto Rico, a 25 de julio de 2017.

En el presente caso, nos corresponde determinar cuáles son aquellas formalidades de ley con las que debe cumplir la Junta de Planificación de Puerto Rico (en adelante, "Junta de Planificación") al momento de emitir y notificar una Resolución en el contexto de un proceso de rezonificación; de modo que las personas o entidades afectadas por dicha determinación administrativa puedan presentar oportunamente el recurso de revisión judicial, de estar interesadas en ello. En particular, nos corresponde resolver si la Junta de Planificación tiene el deber de identificar, en el texto de una Resolución, los nombres y direcciones postales de los dueños y dueñas de las propiedades objeto del proceso administrativo.

Adelantamos que, analizada cuidadosa y detenidamente la normativa que gobierna este asunto -- y en particular, los principios más básicos del debido proceso de ley -- resolvemos que la Junta de Planificación tiene la obligación de, al momento de emitir una resolución en los procesos de rezonificación, especificar los nombres y direcciones de los dueños y dueñas peticionarias de las propiedades afectadas por dicho proceso.

La conclusión a la cual llegamos hoy resulta indispensable para que cualquier persona -- natural o jurídica -- que interese presentar un recurso de revisión de un dictamen de la Junta de Planificación en un proceso de rezonificación, pueda cumplir con la obligación impuesta por este Tribunal en *Mun. de San Juan v. Jta. Planificación*, 189 DPR 895 (2013). En dicha ocasión, establecimos a quiénes debe ser notificado un recurso de revisión en el cual se pretenda impugnar una Resolución de la Junta de Planificación emitida en un proceso de rezonificación ante el mencionado organismo gubernamental. Veamos.

I.

Allá para los meses de febrero, marzo y septiembre de 2005 y septiembre de 2006, de forma independiente, se presentaron ante la Junta de Planificación varias solicitudes de cambios de zonificación relacionadas con ocho (8) propiedades localizadas en la calle Aldebarán de la Urbanización Altamira, a saber, Caso Núm. 2005-17-0148-JPZ; Caso Núm.

2005-17-0174-JPZ; Caso Núm. 2005-17-0176-JPZ; Caso Núm. 2005-17-0178-JPZ; Caso Núm. 2005-17-0679-JPZ; Caso Núm. 2005-79-0175-JPZ, y el Caso Núm. 2006-117-0621-JPZ. Según surge del expediente, dicha urbanización ubica en una zona residencial, localizada en el Municipio de San Juan.

En esencia, en las referidas peticiones se solicitó la rezonificación de ciertas propiedades ubicadas en la calle Aldebarán de la Urbanización Altamira, de un Distrito R-3 (residencial tres) a un Distrito CO-1 (comercial de oficina uno), C-L (comercial liviano) o C-1 (comercial local).

Evaluadas las referidas solicitudes, por medio de distintas resoluciones, y en fechas diferentes, la Junta de Planificación autorizó el cambio de rezonificación en todas las propiedades en cuestión de un Distrito R-3 a un Distrito CO-1 y, en una sola propiedad, de un Distrito R-3 al Distrito C-L. En cada una de las resoluciones emitidas por la Junta de Planificación se incluyó el siguiente apercibimiento:

> Las actuaciones de la Junta sobre solicitudes de cambio de zonificación son de carácter cuasi-legislativo a tenor con lo establecido en el Artículo 32, Inciso B de la [L]ey Número 75 del 24 de junio de 1975, según enmendada. Las mismas serán finales. Disponiéndose que en los casos que se entienda que la Junta no cumplió con los requisitos estatutarios, para adopción y promulgación o enmienda a dichos reglamentos y mapas, podrá recurrirse en revisión ante el Tribunal de Circuito de Apelaciones, a impugnar el procedimiento seguido, dentro de un término de treinta (30) días contados desde que entra en vigor la enmienda, cónsono con la Ley Número 75 antes citada, [y] la Ley Número 170 de 12 de agosto de 1988, según enmendada. Una vez autorizada una enmienda a un Mapa de Zonificación por la Junta, la misma entrará en vigor a los quince (15) días de publicarse un edicto sobre la adopción

de enmiendas a los Mapas de Zonificación en un periódico de circulación general en Puerto Rico[1].

Así las cosas, tras un periodo de aproximadamente seis (6) años desde la otorgación de las respectivas autorizaciones de rezonificación -- y con el propósito de darle fin al proceso de enmiendas al mapa de calificación -- el 23 de mayo de 2013 la Junta de Planificación emitió la *Resolución C-18-33*, *Aprobando y Adoptando la Enmienda a la Hoja Núm. 8-B del Mapa de Calificación de Suelo del Municipio de San Juan* (en adelante, "la Resolución C-18-33"). Mediante la misma, se autorizó la enmienda a la Hoja Núm. 8-B del Mapa de Calificación de Suelo del Municipio de San Juan, quedando afectados por la decisión los casos antes mencionados, números 2005-17-0148-JPZ, 2005-17-0174-JPZ, 2005-17-0176-JPZ, 2005-17-0178-JPZ, 2005-17-0679-JPZ, 2005-79-0175-JPZ y 2006-117-0621-JPZ, sobre las propiedades ubicadas en la Urbanización Altamira.

Ahora bien, y de particular importancia para la controversia ante nuestra consideración, resulta ser que la referida *Resolución C-18-33* también afectó cuatro (4) peticiones relacionadas a otros solares en el referido Municipio, a saber: el caso Núm. 2000-78-0776-JPZ, ubicado en la Urbanización Las Lomas; el caso Núm. 2006-17-0188-JPZ, en la Urbanización Summit Hills, y los casos núm. 2009-17-0063-JPZ y 2009-17-0064-JPZ, ubicados en la Carr. 19, Km. 07 y Km. 0.75, de San Juan.

---

[1] *Véase Apéndice de Certiorari*, págs. 358, 381, 413, 434, 478, 503 y 531, respectivamente.

Oportunamente, la Junta de Planificación notificó a los peticionarios afectados en el proceso la *Resolución C-18-33*. Entre las advertencias incluidas por dicho organismo gubernamental en el referido dictamen, se incluyeron las siguientes:

> La hoja así enmendada sustituirá, luego del cumplimiento con lo dispuesto en el Artículo 28 de la Ley Número 75 del 24 de junio de 1975, según enmendada, al correspondiente MAPA DE CALIFICACIÓN DE SUELOS DEL MUNICIPIO DE SAN JUAN, el cual fue adoptado por la Junta de Planificación el 13 de marzo de 2003. Esta enmienda entrará en vigor el 28 de julio de 2013, a los quince (15) días, luego de la publicación de un edicto en un periódico de circulación general el 12 de julio de 2013.
>
> CERTIFICO: Que la anterior es copia fiel y exacta del informe adoptado por la Junta de Planificación de Puerto Rico, en su reunión celebrada el día 23 de mayo de 2013, por lo que expido copia bajo mi firma y sello oficial de esta Junta en San Juan, Puerto Rico, hoy 12 [de] julio [de] 2013[.][2]

Según se puede colegir, la mencionada *Resolución* no incluyó nombres ni direcciones de los propietarios o titulares de los solares afectados por las determinaciones de la Junta de Planificación, quienes participaron en el procedimiento de cambio de zonificación.

Así pues, y de conformidad con lo establecido mediante la referida *Resolución C-18-33*, el 12 de julio de 2013 se publicó un edicto en el periódico El Vocero, titulado *Aviso sobre cambio de calificación autorizado por la Junta de Planificación de Puerto Rico*. En el mismo, se incluyó de forma íntegra el texto de la *Resolución C-18-33*; es decir, tampoco se incluyeron los nombres o direcciones de las

---

[2] *Íd.*, pág. 253.

personas naturales o jurídicas afectadas por tales determinaciones de la Junta.

Enterada de ello, la Asociación de Residentes de Altamira, Inc. (en adelante, "la Asociación de Residentes") presentó un recurso de revisión judicial ante el Tribunal de Apelaciones, impugnando las determinaciones relacionadas con las peticiones 2005-17-0148-JPZ, 2005-17-0174-JPZ, 2005-17-0176-JPZ, 2005-17-0178-JPZ, 2005-17-0679-JPZ, 2005-79-0175-JPZ y 2006-117-0621-JPZ. Dicho recurso de revisión judicial solo fue notificado a los titulares cuya rezonificación estaba siendo impugnada. El mencionado recurso no fue notificado a los dueños y dueñas de las propiedades afectadas por las peticiones 2000-78-0776-JPZ, 2006-17-0188-JPZ, 2009-17-0063-JPZ y 2009-17-0064-JPZ, contra las cuales no se presentó reclamación judicial alguna, a pesar de que los inmuebles objeto de tales peticiones también fueron afectados por la *Resolución C-18-33*, que enmendó el mapa de calificación.

Tras varios trámites procesales no necesarios aquí pormenorizar, el Tribunal de Apelaciones emitió una *Resolución* mediante la cual sostuvo que, examinada la *Resolución C-18-33*, "*la misma carece de los fundamentos necesarios para que [el foro apelativo intermedio] pueda ejercer su función revisora*"[3]. Siendo ello así, al amparo de su facultad revisora, conforme al Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dicho foro devolvió el caso a la Junta de Planificación para que emitiera una *Resolución*

---

[3] *Íd.*, a la pág. 135.

donde expusiera los fundamentos en que se basó para la reclasificación de las propiedades en cuestión.

En cumplimiento con lo ordenado, la Junta de Planificación compareció ante el Tribunal de Apelaciones mediante una *Moción en Cumplimiento de Orden*, la cual estaba acompañada de una *Resolución en Cumplimiento de Orden*, en la cual dicha agencia gubernamental fundamenta sus determinaciones, según les fue requerido. Es menester señalar, sin embargo, que en la nueva *Resolución*, la Junta de Planificación incluyó la siguiente acreditación de notificación, a saber:

> CERTIFICO: Que la anterior es copia fiel y exacta del informe adoptado por la Junta de Planificación de Puerto Rico en su reunión del 14 de noviembre de 2013, por lo que expido copia bajo mi firma y sello oficial de esta Junta en San Juan, Puerto Rico, hoy 14 de noviembre de 2013[4].

Días más tarde, la Junta de Planificación presentó una *Solicitud de Desestimación* ante el Tribunal de Apelaciones, mediante la cual arguyó que el recurso de revisión no se perfeccionó dentro del término jurisdiccional para su presentación, ya que el escrito no fue notificado a todos los titulares de las propiedades incluidas en la *Resolución C-18-33*. Por tal motivo, la referida agencia solicitó que el foro apelativo intermedio declarara no ha lugar la revisión en cuestión.

A dicha solicitud, la Asociación de Residentes se opuso. Alegó que notificó el recurso de revisión a "*todas las partes correspondientes, específicamente las personas cuyas re-calificaciones afectaron propiedades dentro de la*

---

[4] *Íd.,* a la pág. 116.

*Urbanización Altamira*"[5]. Asimismo, la Asociación planteó que, dado que el Tribunal de Apelaciones determinó que la resolución de la Junta de Planificación carecía de fundamentos y la agencia gubernamental presentó una resolución enmendada, lo correcto hubiese sido que se notificara nuevamente la *Resolución Enmendada* autorizando los cambios de calificación, mediante la correspondiente publicación de un edicto.

Tras concederle a las partes un breve término para que se expresaran en torno a los escritos presentados por ambas, el Tribunal de Apelaciones emitió una *Resolución* mediante la cual declaró no ha lugar la solicitud de desestimación; ello, por entender que la Asociación de Residentes "*notificó el escrito de revisión administrativa a aquellas partes contra las cuales solicita algún remedio*"[6].

No obstante, posteriormente, el Tribunal de Apelaciones emitió una Resolución *motu proprio* a los fines de señalar lo siguiente:

> Por otra parte, al examinar la *Resolución en Cumplimiento de Orden* de la Junta[,] nos percatamos que la misma no incluye una certificación de notificación que indique expresamente todas las partes a las cuales notificó su determinación. **Ello resulta indispensable para evitar cualquier controversia potencial sobre notificación que pueda afectar la eficacia jurídica de la determinación que en su día emita este Tribunal**[7].

---

[5] *Íd.*, a la pág. 104.

[6] *Íd.*, a la pág. 87.

[7] *Íd.*, a la pág. 55. (Énfasis suplido).

Así las cosas, el foro apelativo intermedio, **nuevamente**, le concedió a la Junta de Planificación un término para que notificara adecuadamente la *Resolución en Cumplimiento de Orden*, especificando, esta vez, las personas a las que notificaba su determinación.

Así las cosas, la Junta de Planificación compareció ante el Tribunal de Apelaciones mediante una *Moción en Cumplimiento de Orden y Otros Extremos*, en la cual anejó la *Resolución Enmendada* anteriormente presentada, incluyendo en esta ocasión -- y por primera vez -- la certificación de notificación con los nombres y direcciones postales de los dueños de las propiedades objeto del proceso de rezonificación. Además, la Junta de Planificación aprovechó la oportunidad para solicitar nuevamente la desestimación del recurso de revisión. Ello, bajo el mismo fundamento de falta de notificación del recurso judicial -- presentado por la Asociación de Residentes -- a todas las partes afectadas por la *Resolución C-18-33*, a la luz de la resulto por este Tribunal en *Mun. de San Juan v. Jta. Planificación*, *Íd.*

Por su parte, en oposición, la Asociación de Residentes planteó que lo resuelto por esta Curia en *Mun. de San Juan v. Jta. Planificación*, *Íd.*, no era de aplicación a la presente situación, puesto que en aquella ocasión, uno de los errores planteados podía tener el efecto de la revocación total de la *Resolución* que autorizó la rezonificación en dicho caso; cosa que no sucede en este

caso, toda vez que aquí, los errores señalados por éstos "*se circunscriben* **exclusivamente** *a las re-zonificaciones autorizadas en la Urbanización Altamira y no se solicita remedio alguno en contra de las demás propiedades*"[8]. Por ello, entendió la Asociación de Residentes que no era necesaria la notificación del recurso a todos los propietarios. En la alternativa, la Asociación de Residentes solicitó que se ordenara la notificación por edicto de la *Resolución Enmendada* emitida por la Junta de Planificación, en la que fundamentó sus determinaciones, como resultado de la orden del Tribunal de Apelaciones, por entender que era necesario para que comenzara a transcurrir el término para recurrir en alzada.

Evaluados los planteamientos de ambas partes, el Tribunal de Apelaciones dictó sentencia. Al así hacerlo, desestimó el recurso de revisión judicial, por entender que la Asociación de Residentes no notificó el recurso de revisión a los titulares de las propiedades objeto de las peticiones 2000-78-0776-JPZ, 2006-17-0188-JPZ, 2009-17-0063-JPZ y 2009-17-0064-JPZ, por lo que quedó privado de jurisdicción.

Inconforme con tal determinación, la Asociación de Residentes acude ante nos mediante un recurso de *certiorari* y sostiene que el foro apelativo intermedio actuó sin jurisdicción al disponer del presente caso, toda vez que la Junta de Planificación no había identificado en la

---

[8] *Íd.*, a la pág. 40 (énfasis en el original).

*Resolución C-18-33* el nombre de las partes afectadas por la misma ni sus direcciones postales. Plantea la Asociación de Residentes que tal actuación violentó el requisito de notificación adecuada que impone el debido proceso de ley. Por lo tanto, solicita que ordenemos a la agencia notificar correctamente la resolución recurrida.

Contando con el beneficio de las comparecencias de las partes, procedemos a resolver.

## II.

Como es sabido, la Junta de Planificación es el organismo gubernamental encargado de establecer la política pública del país en lo que al tema de zonificación se refiere. *Mun. de San Juan v. Jta. Planificación, íd.*, a las págs. 904-905; *ELA v. Domínguez*, 104 DPR 468, 470 (1975). *Véase* además la Ley Núm. 76 de 24 de junio de 1975, conocida como Ley Orgánica de la Junta de Planificación de Puerto Rico, 23 LPRA sec. 62 *et seq.* En virtud de ello, mediante procesos cuasi legislativos, dicha agencia está autorizada a adoptar o enmendar los mapas de zonificación de las distintas áreas del país. 23 LPRA sec. 62j (5). *Véanse,* además, *Ramírez et al. v. Jta. Planificación*, 185 DPR 748, 756 (2012); *Luan Investment Corp. v. Román*, 125 DPR 533, 545 (1990).

Al respecto, al interpretar la facultad de la Junta de Planificación para atender las solicitudes y enmiendas de zonificación, hemos establecido que tal función es una cuasi legislativa, "*ya que no adjudica una controversia[,]*

*sino que establece una reglamentación"*. *Ramírez v. Jta. Planificación*, *supra*, a la pág. 756. *Véanse,* además, *T-JAC, Inc. v. Caguas Centrum Limited*, 148 DPR 70, 83 (1999); *Luan Investment Corp. v. Román*, *supra*, a la pág. 546. Es decir, en un proceso de zonificación ante la Junta, dicha entidad *"no tiene que expresar las determinaciones de hecho y de derecho en las que fundamentó su decisión"*. *Ramírez v. Jta. Planificación*, *supra*, a la pág. 756. Y es que, tal y como expresamos en *Luan Investment Corp. v. Román*, *supra*, a la pág. 547,

> [l]os mapas de zonificación y sus enmiendas representan la forma visual y práctica de instrumentar los reglamentos de zonificación y sus enmiendas. Su aprobación y enmiendas no son actos de naturaleza adjudicativa, dirigidos a resolver una controversia en particular entre una o más personas, sino que son actos producto de los instrumentos con los cuales el Estado ha provisto a la Junta para reglamentar el uso de la tierra en Puerto Rico, de manera que se logre un desarrollo integral y balanceado de nuestra sociedad.

III.

De conformidad con lo anterior, la Junta de Planificación aprobó el Reglamento de Zonificación de Puerto Rico (Reglamento de Planificación Núm. 4), Reglamento Núm. 6211, Departamento de Estado, 5 de noviembre de 2000 (en adelante, "el Reglamento de Zonificación")[9], mediante el cual se instituye el procedimiento por el cual se rige el proceso de

---

[9] Aunque el Reglamento de Zonificación de Puerto Rico (Reglamento de Planificación Núm. 4), Reglamento Núm. 6211, Departamento de Estado, 5 de noviembre de 2000 fue anulado por el Reglamento Núm. 7511, Departamento de Estado, 28 de mayo de 2008, el primero era el vigente al momento de la presentación de las peticiones que dieron inicio a la controversia ante nuestra consideración.

zonificación en Puerto Rico. Según el mismo, en aquellas circunstancias en las que una petición de cambio de zonificación se realice por una persona u organismo, deberán cumplir con las obligaciones y los requisitos contenidos en este.

Particularmente, y en lo pertinente a la controversia que nos ocupa, cuando se presenta una petición de rezonificación, **existe un deber de notificar a los dueños de las propiedades de la zona sujeta al cambio.** *Véase* Sec. 4.06 del Reglamento de Zonificación, *supra*, págs. 48-50. *Véase*, además, *Ramírez v. Jta. Planificación*, *supra*, a la pág. 759. Precisamente, al interpretar dicho deber de notificación, esta Curia ha expresado lo siguiente:

> Evidentemente **la notificación es esencial en todos los aspectos que cubren el proceso de zonificación.** Esto se fundamenta en que un cambio de zonificación tiene la consecuencia de limitar la propiedad de los ciudadanos. No estamos ante un reglamento de aplicación general. Por el contrario, el cambio de zonificación es una reglamentación de aplicación particular. Por esa razón, **la oportuna notificación de un cambio de zonificación es parte integral del debido proceso de ley de los ciudadanos.** Cónsono con lo anterior, en *Montoto v. Lorie*, 145 D.P.R. 30, 44 (1998), reconocimos que cuando la Junta altera la zonificación existente de un área, ello "*hace indispensable la adecuada notificación a todas las partes cuyos intereses puedan quedar afectados*". (Énfasis suplido) (Citas internas omitidas). *Ramírez et al. v. Jta. Planificación*, *supra*, a la pág. 760.

Según se puede colegir, la notificación a toda persona dueña de aquellas propiedades sujetas al proceso de zonificación, o que puedan quedar afectadas por este, resulta "*esencial en el ámbito administrativo*". *Íd.*

Asimismo, tratándose la notificación de una salvaguarda al debido proceso de ley, este Tribunal ha reconocido que "*la importancia de la notificación a los propietarios cubre todo el proceso de zonificación, incluyendo las etapas apelativas*". (Énfasis en el original). *Íd*. Ello, puesto que resulta "*indispensable […] que los cambios de zonificación sean notificados adecuadamente a todas las partes cuyos intereses puedan quedar afectados*". *Íd*. Cónsono con lo anterior, en *Ramírez et al. v. Jta. Planificación*, *Íd*., establecimos que cualquier ciudadano que haya promovido una impugnación de rezonificación mediante un recurso de revisión judicial tiene derecho a ser notificado por el Tribunal de Apelaciones de la sentencia que se haya dictado.

Posteriormente, en *Mun. de San Juan v. Jta. Planificación*, *supra*, este Tribunal se enfrentó a otra controversia relacionada al dilema de la notificación dentro de los procesos de rezonificación. En específico, tuvimos que resolver quiénes debían ser notificados de la presentación de un recurso de revisión judicial que impugnaba una resolución de la Junta de Planificación, emitida durante un proceso de rezonificación. En aquella ocasión, resolvimos que la notificación de un recurso de revisión judicial que se haya presentado con el fin de impugnar una resolución de la Junta de Planificación "*debe hacerse a todos los dueños o peticionarios que se incluyen en dicho dictamen, según constan en el expediente*

*administrativo, en virtud de la naturaleza del proceso de rezonificación*". (Énfasis suplido). *Íd.*, a la pág. 912. Añadimos que en aquellas circunstancias en las que los dueños no tengan un representante designado para el proceso, la notificación al dueño o dueña será suficiente. *Íd.* Por otra parte, en las situaciones en las que ocurra un cambio de dueño durante el trámite administrativo, será responsabilidad del nuevo propietario hacer constar tal cambio a la Junta. *Íd.*

En fin, tal y como hemos señalado, durante todo el proceso de rezonificación, tanto a nivel administrativo como en cualquier etapa apelativa, existe un deber de notificar a los dueños de las propiedades sujetas a dicho trámite. Es imperativo recalcar que tal obligación tiene su génesis en la garantía constitucional que protege a los ciudadanos y ciudadanas de no ser privados de su propiedad sin un debido proceso de ley. Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1; Enmda. V, Const. EE. UU., LPRA, Tomo 1.

Sabido es que la notificación adecuada es un elemento indispensable del debido proceso de ley. *Véase, Mun. San Juan v. Plaza las Américas*, 169 DPR 310, 329 (2006). La notificación en un trámite administrativo es el vehículo que concede "*la oportunidad de advenir en conocimiento real de la determinación tomada, a la vez que otorga a las personas cuyos derechos pudieran verse transgredidos una mayor oportunidad de determinar si ejercen o no los remedios que le han sido concedidos por ley*". *Asoc. Vec.*

*Altamesa Este v. Mun. San Juan*, 140 DPR 24, 34 (1996). A raíz de lo anterior, esta Curia ha determinado que la falta de notificación de un recurso de revisión de una decisión administrativa "*puede afectar la jurisdicción del Tribunal de Apelaciones*". *Mun. de San Juan v. Jta. Planificación*, 189 DPR 895, 903 (2013).

Por consiguiente, a raíz de la normativa anteriormente expuesta -- tratándose la notificación a los dueños de las propiedades sujetas al proceso de rezonificación de un elemento indispensable, **tanto a nivel administrativo** como apelativo, -- hoy resolvemos que la Junta de Planificación tiene el deber de identificar expresamente los nombres y direcciones postales de dichos dueños en el texto de sus resoluciones. Es decir, en cualquier procedimiento de rezonificación, la Junta tiene que especificar -- en la certificación de notificación -- el nombre de todos los dueños de las propiedades objeto de dicho procedimiento, o sus representantes legales, junto a sus direcciones postales.

Como mencionamos anteriormente, la conclusión a la cual hoy llegamos resulta indispensable para que cualquier persona -- natural o jurídica -- que interese presentar un recurso de revisión de un dictamen de la Junta en un proceso de rezonificación, pueda cumplir con la obligación impuesta en *Mun. de San Juan v. Jta. Planificación, supra*. Resolver lo contrario implicaría avalar la omisión de la Junta de Planificación de identificar a todos los dueños

de las propiedades objeto del procedimiento de rezonificación, lo que impondría una carga sumamente onerosa en las personas que ejerzan su derecho a revisar un dictamen administrativo. Además, e incluso de mayor envergadura, estaríamos ratificando una conducta que, a todas luces, atenta contra el debido proceso de ley.

Al amparo de todo lo previamente esbozado, procedemos a resolver.

IV.

Como hemos visto, en el presente caso, tras haber iniciado un proceso de rezonificación, y luego de varios trámites procesales, la Junta de Planificación emitió la *Resolución C-18-33*, mediante la cual se autorizó la enmienda a varios mapas de calificación de suelo del Municipio de San Juan; afectando con su actuación la zonificación de varias propiedades. Tal *Resolución*, si bien incluyó una serie de advertencias, **no hizo mención específica a los dueños de las propiedades afectadas por la referida rezonificación o sus representantes legales. Tampoco incluyó las direcciones postales de tales personas.**

No empece lo anterior, la Asociación de Residentes presentó un recurso de revisión judicial ante el Tribunal de Apelaciones, impugnando la *Resolución C-18-33*. Específicamente, se presentaron planteamientos dirigidos a impugnar únicamente las peticiones 2005-17-0148-JPZ, 2005-17-0174-JPZ, 2005-17-0176-JPZ, 2005-17-0178-JPZ, 2005-17-0679-JPZ, 2005-79-0175-JPZ y 2006-117-0621-JPZ, sin

referencia alguna a las demás peticiones que fueron objeto de la referida resolución, a saber, las peticiones 2000-78-0776-JPZ, 2006-17-0188-JPZ, 2009-17-0063-JPZ y 2009-17-0064-JPZ.

Así las cosas, la Asociación de Residentes notificó el recurso de revisión judicial únicamente a los dueños de las propiedades afectadas por las siete (7) peticiones incluidas en el recurso, todas ubicadas en la Urbanización Altamira. Los demás dueños de propiedades afectadas por el dictamen de la Junta de Planificación -- quienes también habían presentado peticiones de rezonificación -- no fueron notificados de tal recurso.

Una vez presentado el recurso ante el Tribunal de Apelaciones, dicho foro ordenó a la Junta de Planificación a notificar una resolución enmendada en la que se expusieran los fundamentos en los que basó su determinación. En cumplimiento con tal orden, la referida agencia presentó una resolución enmendada en la cual, a pesar de incluir los fundamentos en los que basó sus decisiones, **tampoco se identificó de forma alguna el nombre de los dueños de las propiedades objeto del procedimiento de rezonificación, sus representantes legales ni sus direcciones postales**, a quienes se dirigió la notificación.

Tras varios incidentes procesales, el Tribunal de Apelaciones emitió una Resolución en la cual expuso haberse percatado de que la resolución enmendada presentada por la Junta "*no incluye una certificación de notificación que*

*indique expresamente todas las partes a las cuales notificó su determinación*"[10]. A pesar de lo anterior, y tras haber concluido que tal omisión podría acarrear una "*controversia potencial… que [podría] afectar la eficacia jurídica de la determinación que en su día emita*", el foro apelativo intermedio, en aras de entender en los méritos de la controversia, ordenó a la Junta de Planificación a notificar adecuadamente la Resolución Enmendada, con especificidad de las personas a las cuales notificaba su dictamen. Es decir, el Tribunal de Apelaciones **no desestimó** el recurso presentado, sino que le concedió un término a la parte para que presentara la correspondiente enmienda en cumplimiento de orden.

Una vez realizada la referida enmienda, y tras varios trámites procesales, el Tribunal de Apelaciones dictó sentencia desestimando el recurso de revisión judicial, por entender que la falta de notificación por parte de la Asociación de Residentes le privó de jurisdicción. Al proceder de esta forma, el Tribunal de Apelaciones abusó de su discreción, pues al percatarse de la falta de notificación por parte de la Junta de Planificación, debió desestimar inmediatamente el recurso, sin trámite ulterior y sin brindarle oportunidad a la entidad a que enmendara su resolución.

Como hemos visto, la Junta de Planificación tenía el deber de incluir en su certificación de notificación en la

---

[10] *Apéndice de Certiorari*, a la pág. 55.

*Resolución C-18-33* los nombres y direcciones de todos los dueños de las propiedades afectadas por el procedimiento de rezonificación. Ello, en garantía del debido proceso de ley que le asiste a toda persona que podría ver afectados sus derechos propietarios a raíz de la determinación de la Junta de Planificación en el referido proceso de rezonificación. Sin embargo, al no hacerlo, su actuación tuvo el efecto de privar al foro apelativo intermedio de jurisdicción. Ello, puesto que la *Resolución C-18-33* no fue notificada conforme a derecho y, en su consecuencia, el término para recurrir de la misma no comenzó a transcurrir.

Resuelto lo anterior, por tratarse de un asunto de índole jurisdiccional, no hace falta que atendamos los demás errores presentados por los peticionarios.

V.

Por los fundamentos antes expuestos, confirmamos la Sentencia del Tribunal de Apelaciones. Corresponde a la Junta de Planificación notificar su *Resolución* conforme a lo aquí dispuesto.

Se dictará Sentencia de conformidad.

Ángel Colón Pérez<br>Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Junta de Planificación

    Recurrida

        v.

Asociación de Residentes de
Altamira, Inc.

    Peticionario

CC-2014-237

SENTENCIA

En San Juan, Puerto Rico, a 25 de julio de 2017.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se confirma la Sentencia del Tribunal de Apelaciones. Corresponde a la Junta de Planificación notificar su *Resolución* conforme a lo aquí dispuesto.

Notifíquese inmediatamente por correo electrónico y posteriormente por la vía ordinaria.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez concurre con opinión escrita. La Jueza Asociada señora Pabón Charneco no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Junta de Planificación

    Recurrida

       v.

Asociación de Residentes de         CC-2014-0237
Altamira, Inc.

    Peticionaria

Opinión concurrente emitida por la Jueza Presidenta ORONOZ RODRÍGUEZ

En San Juan, Puerto Rico, a 25 de julio de 2017.

Coincido con el dictamen que emitió este Tribunal de devolver este caso a la Junta de Planificación para que notifique adecuadamente la resolución en controversia. Solo así, mediante una certificación de notificación que incluya los nombres y direcciones de los dueños de propiedades afectadas por rezonificaciones de la Junta, la parte peticionaria estará en posición de cumplir con lo que resolvió este Tribunal en Mun. de San Juan v. Junta de Planificación, 189 DPR 895 (2013). No obstante, por las preocupaciones que expreso a continuación, opto por un voto concurrente y no de conformidad con la Opinión mayoritaria.

En Mun. de San Juan v. Junta de Planificación, supra, un caso similar a este, se estableció que la parte que impugna una resolución sobre zonificaciones de la Junta de Planificación tiene que notificarle su recurso de revisión a todos los propietarios incluidos en la resolución. Íd., pág. 912. Esto, pues, como parte del debido proceso de ley,[11] cada una de esas personas debe estar informada de cualquier procedimiento en el cual sus derechos propietarios se pudieran afectar. Íd., pág. 911. En principio, se trata de una norma válida. Ahora bien, una vez nos adentramos en la dinámica real de estos procedimientos administrativos, advertimos las dificultades que representa cumplir con ella.

Según vemos en el caso ante nosotros hoy, así como en Mun. de San Juan v. Junta de Planificación, supra, la Junta acostumbra acumular en una misma resolución distintas determinaciones de rezonificación que pertenecen a una misma Hoja del Mapa de Calificación de Suelos. Esto quiere decir que en una sola resolución la Junta dispone de peticiones de rezonificación presentadas en momentos distintos, por personas distintas y en torno a sectores o urbanizaciones distintas que, aunque no guarden relación ni cercanía, caen dentro de la misma hoja. La consecuencia real de esto, y de la norma adoptada por el Tribunal, es que para impugnar una determinación adversa de la Junta sobre una petición relacionada a un sector o urbanización en particular, una

---

[11] Aunque la zonificación es un procedimiento cuasi-legislativo, se ha resuelto que constituye un híbrido al que le aplica el derecho a un debido proceso de ley por su impacto en los intereses propietarios de los ciudadanos. Mun. de San Juan v. Junta de Planificación, supra, pág. 905; Ramírez v. Junta de Planificación, 185 DPR 748, 759-760 (2013).

parte tiene que notificarle su recurso a decenas, sino cientos, de propietarios de otras áreas que pudiesen no estar involucrados o verse afectados por esa impugnación particular. Todo por el hecho de que la Junta dispuso de peticiones distintas que agrupó en una sola resolución.

Por ejemplo, en este caso la Junta agrupó en una resolución su determinación en torno a peticiones de rezonificación de la Urbanización Altamira, la Urbanización Las Lomas y la Urbanización Summit Hills, entre otras propiedades, pues todas ubican dentro de la Hoja Núm. 8-B del Mapa de Calificación de Suelos del Municipio de San Juan. La Asociación de Altamira, naturalmente, solo interesaba impugnar la resolución de la Junta en cuanto autorizó que unas propiedades en Altamira cambiaran de una calificación residencial a una de índole comercial. A esos efectos, la Asociación solo notificó su recurso de revisión a los propietarios de Altamira, no así a los de Las Lomas, Summit Hills y las otras propiedades que se incluyeron en la resolución.

Luego de varios trámites procesales el Tribunal de Apelaciones desestimó el recurso de revisión judicial de la Asociación, precisamente por la falta de notificación a los otros titulares cuyas peticiones de rezonificación se atendieron en la misma resolución, a pesar de que no pertenecen a la Urbanización Altamira. Una mayoría de este Tribunal resolvió hoy que la Asociación no estaba en posición de cumplir con el requisito de notificación puesto que, al

emitir su resolución, la certificación de notificación de la Junta de Planificación no incluyó los nombres y las direcciones de todos los dueños de las propiedades afectadas por la resolución. De ahí que se imponga como deber de la Junta la inclusión de esa información en sus certificaciones de notificación en procedimientos de rezonificación.

Coincido con lo dispuesto por este Tribunal ya que comparto la postura de que la Junta tiene que proveer la información necesaria para que cualquier parte pueda impugnar adecuadamente sus resoluciones. Sin embargo, considero que lo dispuesto hoy solo resuelve la carga procesal de proveer cierta información de los propietarios necesaria para notificar una revisión judicial. Me parece, no obstante, que quedan desatendidos asuntos prácticos relacionados al requisito de notificarle a *todos* los propietarios de las distintas urbanizaciones o sectores implicados en este tipo de resolución, independientemente de que estén implicados en esa impugnación particular. Nada más tómese en cuenta el costo en copias y envío a cada uno de estos propietarios de recursos que, de ordinario, son muy voluminosos.[12] El gasto en ocasiones puede ser exorbitante. Asimismo, considero que este Tribunal debió aprovechar esta oportunidad para aclarar el alcance de la norma pautada en <u>Mun. de San Juan v. Junta de Planificación</u>, <u>supra</u>, en vez de mantener la sanción de desestimación en casos donde el peticionario notifique su

---

[12] Claro está, habrá casos donde los argumentos planteados harán necesario notificar a todas las partes incluidas en el dictamen. Así sería, por ejemplo, si lo que se impugna es el trámite de la Junta pues un dictamen en contra de esos procesos afectaría a todas las partes incluidas en la resolución.

recurso de revisión a las partes **afectadas** por su impugnación, pero no a **todas las partes incluidas** en la resolución.

En primer lugar, considero que este problema se puede, y debe, atender directamente por la Junta de Planificación. No veo razón por la cual la Junta de Planificación no pueda, conforme a su propia reglamentación,[13] emitir resoluciones más limitadas a las peticiones de rezonificación que se le presenten y los sectores razonablemente afectados por ellas. Mientras no se revise la práctica vigente de la Junta de acumular en una resolución rezonificaciones desvinculadas, este tipo de casos conllevará complicaciones procesales como las que atendemos hoy.[14] Esto, pues, incluso contando con los nombres y direcciones de todos los propietarios implicados en una resolución, seguirá resultando oneroso –y en ocasiones innecesario— notificar a todas las partes que se agrupan en una resolución.

Por otro lado y dada la práctica actual de la Junta, estimo que no se debe desestimar un recurso de revisión por no notificar a todos los propietarios que se incluyan en la resolución. Como la notificación del recurso de revisión es un requisito del debido proceso de ley –conforme con lo

---

[13] Véanse las Reglas 4.04 y 4.14 del Reglamento de Calificación de Puerto Rico, Reglamento Núm. 7511, Departamento de Estado, 29 de mayo de 2008. Véanse también las anteriores Reglas 4.04 y 4.11 del Reglamento de Zonificación de Puerto Rico, Reglamento Núm. 6211, Departamento de Estado, 5 de noviembre de 2000 (anulado).

[14] Este cuestionamiento también se trajo en <u>Mun. de San Juan v. Junta de Planificación</u>, <u>supra</u>, págs. 911-912. No obstante, precisamente porque el señalamiento incidía sobre la validez de la resolución en su totalidad, este Tribunal lo utilizó como justificación adicional de que el recurso de revisión judicial debió notificársele en ese entonces a todos los dueños de las propiedades que formaban parte de la resolución.

resuelto en Mun. de San Juan v. Junta de Planificación, supra,- lo fundamental es que se notifique "a todas las partes que pudieran quedar afectadas por la determinación del Tribunal de Apelaciones". Íd., pág. 910. Es decir, en un caso como este, en el que los señalamientos de error solo afectan a unas partes -a los propietarios de Altamira- se debe entender suficiente la notificación a estas.

Por consiguiente, solo se debe desestimar un recurso de revisión judicial cuando no se notifique a una parte **que pueda verse afectada** por la impugnación presentada. De exigirse que se notifique a todas las partes incluidas en la resolución, la notificación que se efectúe será un mero formalismo pues el alcance de la revisión no incidirá sobre buena parte de los propietarios notificados. Me parece que en casos como éstos la notificación a esas partes no servirá ningún propósito y, por lo tanto, no se debe exigir.

En fin, por mis reservas con la efectividad de la norma vigente en este tipo de casos, y en vista de que no se aprovechó la oportunidad para limitar el alcance de Mun. de San Juan v. Junta de Planificación, supra, concurro con la Opinión mayoritaria.


                                   Maite D. Oronoz Rodríguez
                                   Jueza Presidenta