Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| MARIANO RODRIGUEZ ARROYO  Recurrido  v.  STONEMOR PR CEMENTERY FUNERAL, INC. H/N/C CEMENTERIO CAMPO SANTO DE CRISTO RESUCITADO  Recurrente | KLRA202300439 | Revisión Administrativa procedente del Departamento de Asuntos del Consumidor  Caso Núm.: ARE-2022-0004481  Sobre: Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2023.

Comparece StoneMor Puerto Rico Cemetery and Funeral Inc. (StoneMor o recurrente) vía revisión administrativa para solicitar la revocación de la *Resolución* del Departamento de Asuntos del Consumidor (DACo), Oficina Regional de Arecibo, emitida el 21 de junio de 2023. Mediante el mencionado dictamen, se ordenó al recurrente terminar la construcción de un panteón y de no cumplir con esto, deberá pagar al recurrido cuarenta mil ochocientos veintisiete dólares con veinticuatro centavos ($40,827.24). Por las razones que habremos de expresar, revocamos la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de una querella presentada el 28 de enero de 2023 por el señor Mariano Rodríguez Arroyo (señor Rodríguez Arroyo o recurrido) contra StoneMor, por los daños ocurridos en un panteón a causa de las lluvias del Huracán Fiona de

2022. En la querella, escribió como fecha de transacción con StoneMor el 29 de diciembre de 2021, y la cuantía envuelta como treinta mil dólares ($30,000.00). Además, el señor Rodríguez Arroyo presentó como evidencia (1) un contrato con StoneMor, firmado el 13 de agosto de 2022, (2) las Normas y Reglamentos de StoneMor, igualmente firmadas el 13 de agosto de 2022, y (3) seis (6) fotos de los daños ocasionados al panteón. Oportunamente, StoneMor presentó una *Moción de sentencia sumaria* ante DACo, alegando que el contrato que firmó el señor Rodríguez Arroyo incluía las Normas y Reglamentos, cuales indicaban que la corporación no será responsable por los daños causados por los elementos o actos de Dios. Incluso, el recurrente presentó dos contratos con el señor Rodríguez Arroyo con sus respectivas Normas y Reglamentos, firmados el 29 de diciembre de 2021 y el 27 de enero de 2022.

Sin aludir a la *Moción de sentencia sumaria* pendiente, DACo anunció una vista administrativa para el 15 de junio de 2023, omitiendo notificar la misma a la representación legal de StoneMor. Por el recurrente no comparecer a la mencionada vista, DACo le anotó la rebeldía y posteriormente resolvió a favor del recurrido, aunque se basó en una controversia distinta a la planteada en la querella. Según la *Resolución*, la controversia entre el señor Rodríguez Arroyo y StoneMor giraba en torno al incumplimiento con la obligación contractual de terminar la construcción de un panteón. Tal obligación, según dispone la *Resolución*, emana de una compra hecha el 5 de febrero de 2022. De igual manera que con la vista administrativa, la *Resolución* no se notificó al abogado de StoneMor. Acto seguido,

StoneMor presentó una *Moción solicitando anulación de resolución y desestimación de la querella*, a la cual DACo no respondió.

En su recurso administrativo, el recurrente alega que se le violó el debido proceso de ley al DACo (1) no considerar de alguna manera la *Moción de sentencia sumaria*, (2) no notificar a StoneMor o su representación legal la fecha de la vista administrativa o la *Resolución,* (3) anotar la rebeldía del recurrente, (4) permitir que se enmendara la querella en la vista administrativa en violación a la Regla 16 del *Reglamento de Procedimientos Adjudicativos de DACo* (Reglamento de DACo), (5) emitir la *Resolución* de manera *ultra vires,* en violación del debido proceso de ley, y (6) no atender la *Moción solicitando anulación* y no dejar sin efecto la *Resolución*.

Sabido es que la revisión judicial nos permite asegurar que los organismos administrativos actúen de acuerdo con las facultades que legalmente les fueron concedidas. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008). Sin embargo, al intervenir y revisar determinaciones administrativas, corresponde concederles deferencia y no reemplazar el criterio especializado de las agencias por el nuestro. *López Borges v. Adm. Corrección*, 185 DPR 603 (2012). Ello es así, dado que las determinaciones administrativas gozan de una presunción de legalidad y corrección, la cual subsistirá mientras no se produzca suficiente prueba como para derrotarla. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206 (2012).

Como bien lo expresa la parte recurrente, la Regla 16.2 del Reglamento de DACo indica que "la querella podrá entenderse enmendada durante la vista administrativa para ajustarla a la prueba presentada**; excepto en casos celebrados en rebeldía**". (Énfasis

nuestro). Regla 16.2 del Reglamento de Procedimientos Adjudicativos del Departamento de Asuntos del Consumidor, Reglamento Núm. 8034 de 14 de junio de 2011. Asimismo, la Regla 16.1 del referido Reglamento explica que el querellante "podrá enmendar su querella en cualquier momento después de radicada, **pero antes del término de veinte (20) días antes de la vista administrativa** […] y de enmendarse la querella el Departamento **notificará la querella enmendada a la parte querellada** que tiene a su vez veinte (20) días para contestarla". (Énfasis nuestro). Reglamento de Procedimientos Adjudicativos, *supra,* pág. 16. En el supuesto de que se haya radicado una nueva querella, DACo debe notificarla a todos los querellados por medio de un aviso en escrito. Véase Regla 8 del Reglamento de Procedimientos Adjudicativos del Departamento de Asuntos del Consumidor, Reglamento Núm. 8034 de 14 de junio de 2011.

En lo atinente a la notificación de órdenes y resoluciones finales, conviene destacar que la notificación es un elemento indispensable del debido proceso de ley y del derecho que tiene una parte a ser oído y a defenderse. Véase *Jta. Planificación v. Asoc. Residentes de Altamira, Inc.,* 198 DPR 656 (2017) (*citando a Mun. San Juan v. Plaza Las Américas*, 169 DPR 310, 329 (2006)). Las notificaciones de las resoluciones emitidas por los organismos administrativos cumplen con los objetivos de conceder a las partes la oportunidad de conocer la acción tomada por la agencia y otorgar a las personas cuyos derechos pudieran verse afectados, la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar tales determinaciones. Íd. (*citando a Asoc. Vec. Altamesa Este v. Mun. San Juan*, 140 DPR 24, 34 (1996)). De ahí que resulte indispensable que se notifique

adecuadamente cualquier determinación de una agencia administrativa que afecte los intereses de un ciudadano. *Municipio de San Juan v. Plaza Las Américas, supra*. A tales efectos, la Sección 3.14 de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) dispone que las agencias deberán notificar con copia simple, sea por correo ordinario o electrónico, a las partes y a sus respectivos abogados la orden o resolución a la brevedad posible. Sec. 3.14 de la Ley Núm. 38-2017 (3 LPRA sec. 9654). El incumplimiento de esto sería una violación al debido proceso de ley de las partes. *Jta. Planificación v. Asoc. Residentes de Altamira, Inc., supra.*

Por su parte, la Sección 3.1(a)(D) de la LPAU explica que todo procedimiento adjudicativo formal ante una agencia debe salvaguardar el derecho a que la decisión sea basada en el expediente. Sec. 3.1 de la Ley Núm. 38-2017 (3 LPRA sec. 9641). Ergo, la agencia tiene la obligación de crear y preservar un archivo de toda la documentación que se genere durante el procedimiento adjudicativo, ya que ese expediente administrativo constituirá la base exclusiva para la acción ante la agencia y también para la posterior revisión judicial. J. Echevarría Vargas, *Derecho Administrativo puertorriqueño*, 1.ª ed., San Juan, Ed. SITUM, 2012, a la pág. 240. Cualquier desviación de este precepto por la agencia se considerará como una violación al debido proceso de ley de las partes. *Camacho Huertas v. Compañía de Turismo de P.R.*, 174 DPR 833 (2008).

De conformidad con los hechos del presente caso, DACo violó el debido proceso de ley de StoneMor al no notificar adecuadamente la vista administrativa pautada ni la *Resolución* eventualmente adoptada a la representación legal del recurrente. Además, DACo autorizó la

enmienda de la querella original durante una vista en rebeldía, falló en notificar tal enmienda al recurrente previo a la vista, a la vez que permitió la presentación de una nueva querella sin notificar a StoneMor vía su representación legal, en violación de la Regla 16.2 o la Regla 8 del Reglamento de DACo. Sin explicación alguna sobre lo ocurrido, más la mención de una fecha de compra del panteón que no cuadra con aquellas que se encuentran en los contratos incluidos en el expediente, es indudable que DACo no basó su *Resolución* en el expediente. Por lo tanto, se violó el debido proceso de ley del recurrente al amparo de la Sección 3.1 de la LPAU.

Por los fundamentos expuestos, revocamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones