Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| IN RE:<br><br>LEMVEGA INTERNATIONAL BANK, INC.<br><br>Recurrente | KLRA202500235 | Revisión Judicial procedente de la Oficina del Comisionado de Instituciones Financieras<br><br>Sobre:<br>Moción de Reconsideración – Notificación de Denegación de Permiso de Organizarse |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 25 de junio de 2025.

Comparece LemVega International Bank, Inc. (LemVega o recurrente) vía revisión administrativa y solicita que revoquemos la *Resolución Acogiendo y Resolviendo Moción de Reconsideración* de la Oficina del Comisionado de Instituciones Financieras (OCIF), notificada el 24 de marzo de 2025. En dicho dictamen, se denegó expedir un permiso para organizar una entidad financiera internacional (EFI) en Puerto Rico. Por los fundamentos que expresaremos, confirmamos la *Resolución Acogiendo y Resolviendo Moción de Reconsideración* recurrida.

En síntesis, el caso de epígrafe trata de una solicitud para obtener un permiso para organizar una EFI. Según el expediente, y en lo pertinente a la presente controversia, el 24 de abril de 2024 la señora

Número Identificador

SEN2025 _____

Caroline Farah Lembck (señora Lembck), representante de LemVega, presentó la referida solicitud al amparo de la *Ley Reguladora del Centro Financiero Internacional*, Ley Núm. 273-2012 (7 LPRA sec. 3081 *et. seq.*) y el Reglamento del Centro Bancario Internacional, Reglamento Núm. 5653 de 23 de julio de 1997, conforme a la *Ley Reguladora del Centro Bancario Internacional*, Ley Núm. 52 de 11 de agosto de 1989 (7 LPRA sec. 232 *et. seq.*). Luego de la OCIF evaluar la documentación que ésta presentó, el 5 de febrero de 2025 la agencia notificó a la señora Lembck su *Determinación sobre Solicitud de Permiso para Organizar una Entidad Financiera Internacional* (*Determinación*). En dicha *Determinación*, la OCIF denegó la solicitud y le apercibió de su derecho a solicitar reconsideración dentro del término de veinte (20) días, contados a partir de la fecha de archivo en autos de la notificación de la *Determinación*.

Posteriormente, el 13 de marzo de 2025, la recurrente solicitó reconsideración y, en lo pertinente, argumentó que (1) la OCIF debería haber utilizado la versión de la Ley Núm. 273-2012 previo a las enmiendas introducidas por la Ley Núm. 44-2024; (2) la agencia emitió una notificación inválida por no incluir al representante legal de la recurrente, según dispone el Reglamento de Procedimientos Adjudicativos de la Oficina del Comisionado de Instituciones Financieras, Reglamento Núm. 9551 de 11 de abril de 2024 y la Ley Núm. 38-2017; (3) dicha notificación no incluyó la fecha en que fue radicada en el expediente del caso; y (4) la dirección postal utilizada para notificar a LemVega ya no está en uso. Evaluada la solicitud, el 24 de marzo de 2025, la OCIF resolvió sin lugar y argumentó, entre otros asuntos, que (1) el Reglamento Núm. 9551 no aplica al caso de autos;

y (2) que la versión enmendada de la Ley Núm. 273-2012 aplica a los hechos del caso. Además, la OCIF le apercibió a la recurrente sobre su derecho a acudir al Tribunal de Apelaciones mediante revisión judicial dentro de un término de treinta (30) días, contados a partir de la fecha del archivo en autos de la copia de la notificación de la *Resolución Acogiendo y Resolviendo Moción de Reconsideración*. Dicha notificación fue certificada como archivada ese mismo día y cuya copia fiel y exacta fue remitida a la señora Lembck y al representante legal de ésta.

Insatisfecha, la recurrente acude ante este Tribunal y alega que la OCIF erró al (1) concluir que la notificación de la *Determinación* cumplía con los requisitos procesales, obviando que dicha actuación vulneró el debido proceso de ley que protege a la parte recurrente; (2) concluir que su Reglamento Núm. 9551 no le es de aplicación a la presente controversia; y (3) concluir que la presentación de una reconsideración subsanó la deficiencia en la notificación.

En oposición, la recurrida argumenta que (1) los tribunales apelativos están llamados a ejercer su función revisora con gran deferencia hacia los organismos administrativos, con particulares excepciones; (2) OCIF actuó dentro de los poderes expresamente delegados por ley; (3) se le apercibió a la recurrente de su derecho a solicitar reconsideración, cual es el procedimiento adecuado ante una denegatoria a expedir una licencia o permiso; (4) la OCIF tuvo razones justificadas por la cual denegar la solicitud de permiso para organizar una EFI; (5) la Ley Núm. 273-2012, según enmendada, y el Reglamento para Establecer las Normas de Tramitación para la Expedición de Licencias, Franquicias, y Permisos, Reglamento Núm. 4088 de 16 de

enero de 1990, disponen que la denegación de un permiso constituye una determinación administrativa sujeta a reconsideración, en vez de una vista administrativa; (6) la notificación de la denegatoria no tenía que remitirse a la señora Lembck y a su representante legal; (7) LemVega no sufrió perjuicio ni se violó algún derecho suyo mediante la omisión de notificar al abogado de ésta, especialmente cuando la señora Lembck solicitó reconsideración dentro del término que le fue concedido por ley; (8) no se debe aplicar el Reglamento Núm. 9551 y, de como quiera hacerlo, el mismo reglamento no obliga a la agencia notificar a la parte y su representante legal; y (9) dicha omisión no conlleva la nulidad de la denegatoria.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la

agencia administrativa. *Fuentes Bonilla v. ELA*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Ahora bien, los procedimientos y decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978 (2009). Asimismo, las decisiones cuasi adjudicativas de las agencias deben expresar claramente sus determinaciones de hecho y las razones para sus decisiones, cual incluye los hechos básicos de los cuales se derivan aquellos. *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR*, 144 DPR 425 (1997).

Por otro lado, el ámbito administrativo permite una implementación menos rígida del debido proceso de ley. *Román Ortiz v. OGPe*, 203 DPR 947 (2020) (citando a *Alamo Romero v. Adm. Corrección*, 175 DPR 314 (2009)). Ello en razón de la necesidad de la agencia de tramitar sus procedimientos de forma expedita y, como antes mencionado, a la pericia que se presume tienen para atender y resolver los asuntos que se le han delegado. Íd. (citando a *Báez Díaz v. ELA*, 179 DPR 605 (2010)). Claro, dichas agencias deberán siempre administrar sus procedimientos adjudicativos de manera justa en todas sus etapas y ceñirse a las garantías mínimas del debido proceso de ley, según el interés involucrado y la naturaleza del procedimiento que se trate. Íd.

(citando a *Alamo Romero v. Adm. Corrección*, *supra*; *López Vives v. Policía de PR*, 118 DPR 219 (1987)).

Entre las garantías mínimas del debido proceso de ley, se incluye la obligación de las agencias notificar adecuadamente los dictámenes emitidos en los procedimientos adjudicativos. Íd. A esos efectos, conviene destacar que la notificación de órdenes y resoluciones finales es un elemento indispensable del debido proceso de ley y del derecho que tiene una parte a ser oído y a defenderse. Véase *Jta. Planificación v. Asoc. Residentes de Altamira, Inc.,* 198 DPR 656 (2017) (*citando a Mun. San Juan v. Plaza Las Américas*, 169 DPR 310 (2006)). Las notificaciones de las resoluciones emitidas por los organismos administrativos cumplen con los objetivos de conceder a las partes la oportunidad de conocer la acción tomada por la agencia y otorgar a las personas cuyos derechos pudieran verse afectados, la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar tales determinaciones. Íd. (*citando a Asoc. Vec. Altamesa Este v. Mun. San Juan*, 140 DPR 24 (1996)). De ahí que resulta indispensable que se notifique adecuadamente cualquier determinación de una agencia administrativa que afecte los intereses de un ciudadano. *Municipio de San Juan v. Plaza Las Américas, supra*. A tales efectos, las agencias deberán notificar con copia simple, sea por correo ordinario o electrónico, a las partes y a sus respectivos abogados la orden o resolución a la brevedad posible, además de archivar en autos copia de la orden o resolución final y de la constancia de la notificación. Sec. 3.14 de la Ley Núm. 38-2017 (3 LPRA sec. 9654). Asimismo, las agencias deberán emitir una certificación con los nombres y las direcciones de las personas notificadas. Íd.

Sin embargo, toda persona a quien una agencia le deniegue la concesión de una licencia, franquicia, permiso, endoso, autorización o gestión similar tendrá derecho a impugnar dicha determinación por medio de un procedimiento adjudicativo, según establezcan las leyes especiales de que se trate y el Capítulo III de la LPAU. Sec. 5.4 de la Ley 38-2017 (3 LPRA sec. 9684). A esos efectos, la Regla 9 del Reglamento para Establecer las Normas de Tramitación para la Expedición de Licencias, Franquicias, y Permisos, *supra*, pág. 4, la OCIF podrá denegar las licencias o permisos solicitados, por una parte, dicha denegación constituyendo una determinación administrativa de la cual las partes concernidas podrán solicitar reconsideración formal, al amparo de los procedimientos prescritos para la adjudicación formal de controversias.

Similarmente, el Artículo 5(k) de la Ley Núm. 273-2012 (7 LPRA sec. 3084) especifica que cuando se deniegue la licencia para organizar una entidad financiera internacional, el proponente podrá solicitar reconsideración al Comisionado de la OCIF dentro de los veinte (20) días siguientes a la notificación de la denegación. Véase, también, Art. 6(g)(11) de la Ley Núm. 273-2012 (7 LPRA sec. 3085). No obstante, es menester mencionar que estos dos artículos entraron en vigor el 16 de mayo de 2024. Si dentro del término de quince (15) días desde la solicitud de reconsideración la OCIF la deniega o rechazare de plano, la parte perjudicada tendrá un término de treinta (30) días para solicitar revisión ante el Tribunal de Apelaciones. Íd., sec. 3099.

De su parte, la Sección 1.3 del Reglamento de Procedimientos Adjudicativos de la Oficina del Comisionado de Instituciones Financieras, *supra*, pág. 4, explica que su propósito es establecer las

normas y reglas que aplicarán a los procedimientos adjudicativos de la OCIF como parte de la supervisión y fiscalización de las instituciones financieras, conforme las disposiciones de las leyes cuya administración le han sido delegadas. Más aun, las notificaciones de la OCIF en procedimientos adjudicativos se realizarán mediante correo electrónico, correo ordinario, correo certificado o diligenciamiento personal a la dirección que obre en el expediente de autos para cada parte o su representante legal. Íd., pág. 14.

En el presente caso, no obstante, la OCIF no incurrió en error al notificar su *Determinación* solamente a la señora Lembck puesto que del expediente queda claro que el procedimiento que la OCIF consideró en relación con la solicitud para tener el permiso para organizar una EFI se encuentra enmarcado dentro de sus facultades de ejecución administrativa, tal como lo dispone el Reglamento Núm. 4088, y no dentro de un marco adjudicativo. En otras palabras, no existía una controversia o un asunto litigioso cuando la OCIF notificó su *Determinación*, por lo cual los estándares del debido proceso de ley que requiere la LPAU no aplican, en tanto que dicha ley establece los criterios que las agencias deben seguir en procedimientos adjudicativos. A razón de ello, tampoco aplica el Reglamento Núm. 9551 por esta, también, limitarse a los procedimientos adjudicativos.

Por otro lado, a pesar de la inaplicabilidad de las enmiendas a la Ley Núm. 273-2012 sobre el derecho de una parte solicitar reconsideración ante una denegatoria de delegar una licencia o permiso, esto no cambia que la LPAU permite la impugnación de dicha denegación mediante un procedimiento adjudicativo y que el Reglamento Núm. 4088 especifique que la parte concernida podrá

solicitar una reconsideración formal. Ello es así ya que, aunque la LPAU limita la impugnación a lo establecido en las leyes especiales, y no en los reglamentos, esta misma ley ni otras especifican cuál procedimiento adjudicativo puede una parte solicitar solamente, y mucho menos obligan a una agencia celebrar una vista administrativa. Por tanto, no existe deficiencia en la notificación de la *Determinación*, al igual que en el apercibimiento descrito sobre el derecho a solicitar reconsideración.

Por los fundamentos expresados, confirmamos la *Resolución Acogiendo y Resolviendo Moción de Reconsideración* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones